**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>AARON GOMEZ,<br><br>                  Defendant. | **CRIMINAL ACTION**<br><br>No. 12-10085-02 |

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to revoke the magistrate's detention order. (Doc. 117). The court held an evidentiary hearing on May 21, 2012. Defendant's motion is granted and Magistrate Judge Kenneth Gale's order of detention is modified for the reasons herein.

## Procedural History

On March 27, 2012, pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 843(b), defendant was indicted on one count of conspiracy with intent to distribute more than 5 kilograms of cocaine, distribution of cocaine and three counts of using a communication device to commit a felony. On April 11, 2012, Magistrate Judge Gale held a detention hearing. The government moved for detention pursuant to 18 U.S.C. § 3142(e). Magistrate Judge Gale granted the government's motion. On May 10, defendant moved to revoke the magistrate's detention order. This court held an evidentiary hearing on May 21. Both the government and defendant made certain proffers during the hearing.

## Legal Standard

Pursuant to 18 U.S.C. § 3145(b), defendant may seek review of

a magistrate judge's detention order. The district court's review of a magistrate judge's order of detention is de novo. United States v. Cisneros, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, et seq. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community").

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Walters, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000)(citing United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, and thus raises the rebuttable presumptions of risk of flight and danger to the community. Id.

The burden of production on defendant to overcome the presumption is not a heavy one, but defendant must produce some

-3-

evidence. Stricklin, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. Id. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002)(burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

**Analysis**

**A. Nature And Circumstances Of The Offense**

During the hearing, the government informed the court that the conspiracy count has a minimum term of ten years and a maximum term of life, thereby triggering the rebuttable presumption for detention. This factor favors detention.

**B. Weight Of The Evidence**

During the hearing, the government proffered evidence of telephone calls that were recorded pursuant to a federal wiretap order. The context of the calls concerned discussion of certain food items. The government proffered that federal agents would testify that the calls were in code and that the food items were references to narcotics. The government further proffered that federal agents would testify that they believe, based on all of the calls they have reviewed, that defendant supplies cocaine to Juvenal Fernandez, a co-defendant. The government also proffered that agents witnessed a

transaction in which defendant transferred a concealed package, believed to be cocaine, to another individual.

This factor therefore favors detention.

## C. History And Characteristics Of Defendant

Defendant is not married but has been living with Brenda Huerta for five years. Defendant and Huerta are expecting their first child together. Defendant has three children, who all live in Mexico, from his first marriage. Most of defendant's family reside in Wichita, Kansas. Defendant and Huerta own a home in Wichita, Kansas. If released, defendant will return to live with Huerta. Defendant is a United States citizen and has not traveled to Mexico and does not have a passport.

Prior to his arrest, defendant worked at Douglas Car Wash and Detail. Defendant has had a steady employment history.

Defendant has a criminal record.[1] In 2003, defendant was convicted on an aggravated assault and criminal discharge of a firearm and served approximately 30 months in prison. In 2008, defendant was convicted of driving under the influence and sentenced to probation.

Defendant's family ties to Kansas, his home ownership and employment history suggest that he is not a flight risk.

## D. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would

---

[1] Defendant was charged as a juvenile on drug offenses but the disposition of those offenses is unknown.

pose a risk of physical danger to the community. While defendant has a criminal history, the criminal charge that occurred after his release from prison concerns a single traffic offense. Defendant has not committed a felony offense since 2003. Furthermore, defendant has proffered evidence of significant support from the community.

## Conclusion

Based upon the evidence proffered at the hearing and the record before the court, the court finds that defendant has met his burden to rebut the presumption that there are no conditions of release which will ensure the safety of the community. In order to satisfy the court that defendant will return for further proceedings in this case, defendant must post a surety bond with the clerk's office in the amount of $10,000 as an additional condition of his release. Moreover, defendant must comply with all bond conditions imposed by the court.

Defendant's motion is accordingly granted. (Doc. 117). Magistrate Judge Gale's order of detention (Doc. 74) is hereby modified. It is ordered that defendant be released pending trial on the conditions set forth above.

IT IS SO ORDERED.

Dated this ___22nd___ day of May 2012, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE